OPINION
{¶ 1} Appellant Patti Llewellyn appeals three December 21, 2001 Judgment Entries of the Fairfield County Court of Common Pleas, Juvenile Division, which granted permanent custody of each of her three children to appellee Fairfield County Children Services ("FCCS" or appellee).
 STATEMENT OF THE FACTS AND CASE {¶ 2} Kyle and Brian Llewellyn are the children of appellant and Michael Llewellyn. In October, 1997, appellant voluntarily placed Kyle and Brian in foster care because she was homeless. On March 11, 1998, appellant gave birth to Victoria Featheroff. Victoria's father is Lawrence Featheroff. Victoria was not immediately removed from the home, but was placed under protective supervision by FCCS. In October, 1998, Kyle and Brian were returned to appellant's care. In March, 2000, FCCS removed all three children from appellant's care. The children have remained in foster care since that date.
 {¶ 3} From the time FCCS became involved in 1997, it had concerns about appellant's ability to protect her children, appellant's parenting skills, the children's development, the family's economic resources, domestic violence, physical abuse against the children, inappropriate care givers, alcohol abuse, hygiene, and sexual abuse. In an effort to address these concerns, FCCS recommended and/or provided many services to the family, including parenting education, therapeutic counseling, transportation, counseling for Kyle, home visits, job training, alcohol counseling, and anger management. Lawrence Featheroff, appellant's second husband, had been convicted of forgery and domestic violence and had two previous domestic violence convictions. Two of these three domestic violence convictions involved appellant. In fact, appellant reported Featheroff had raped her, hit her in the face with a phone, and pricked her with the blade of a hunting knife. Kyle reported Featheroff grabbed him by the neck.
 {¶ 4} Appellant's first husband, Mike Llewellyn, had a felony conviction for corruption of a minor. Appellant also reported Mike Llewellyn committed one act of domestic violence against her.
 {¶ 5} While Featheroff was in prison for domestic violence, appellant entered into a relationship with Steve McClure. Appellant did not know McClure well, and the FCCS case worker voiced concern to appellant about Mr. McClure being around the children. Appellant permitted McClure to stay in the home to help her get her children ready in the morning. On March 1, 2000, appellant told her case worker McClure's ex-girlfriend told appellant McClure had been abusive to his ex-girlfriend and to her child.
 {¶ 6} On March 7, 2000, appellant permitted McClure to babysit her two children, Victoria and Kyle, both of whom were too sick to attend day care. That evening, as appellant gave Victoria her bath, she noticed Victoria was bruised. Appellant immediately took Victoria to the hospital. McClure went with appellant to the hospital where, apparently it was determined McClure had abused Victoria. McClure then returned home with appellant from the hospital. Shortly thereafter, McClure admitted himself to the psychiatric floor of the hospital. Appellant subsequently reported to her case worker that she suspected McClure of threatening and stalking her.
 {¶ 7} Appellant partially complied with the FCCS's recommendation to receive parenting education, but eventually her case was closed for non-compliance and non-attendance.
 {¶ 8} On March 13, 2000, appellee filed an abuse complaint seeking temporary custody of Victoria. On May 11, 2000, FCCS filed motions seeking temporary custody of Brian and Kyle. After the children had been removed from the home, appellant attempted to reconcile with Featheroff. While appellant hoped Featheroff would be able to change, the relationship was terminated when the police brought Featheroff to her home in an intoxicated state in July, 2001. Appellant concluded her relationship with Featheroff was over due to the drinking problem and the domestic violence.
 {¶ 9} However, Mike Ashton, the relationship counselor, testified appellant did not terminate the relationship with Featheroff. While appellant felt her choice was between her children and Featheroff, she continually went back and forth in trying to make a decision. Appellant believed if she wanted her children to live with her, she had to end her relationship with Featheroff. Appellant ceased living with Featheroff two weeks prior to the second permanent custody hearing (August 21, 2001), but continued to see him daily.
 {¶ 10} At the hearing, Melinda Winegardner, the parenting educator who had counseled appellant, testified appellant had more to learn. At the time of the hearing, she did not feel appellant could parent her children.
 {¶ 11} All three children have special needs. Kyle has been diagnosed with ADHD, and conduct and social disorders. At the time of the hearing, Kyle had engaged in a series of behavioral problems, including urinating on the floor, smearing feces, and temper tantrums. Kyle had been aggressive toward Brian and the brothers were not placed in the same foster home due to this aggression. Kyle attended two therapy sessions per week to address his behavioral problems. Further, Kyle took two different medications three times per day for his behavior. Because of his behavioral problems, Kyle was placed in a severely behaviorally handicapped class at school, requiring his care giver to have frequent contact with the school.
 {¶ 12} Brian suffers from familial spastic pararesis. Due to this medical condition, Brian requires daily physical therapy at home. Further, he requires weekly or biweekly sessions with a physical therapist. Brian also has appointments with doctors at Children's Hospital regarding his condition. Brian is required to wear bracing on his legs and the braces required periodic readjustments. Additionally, Brian has a hearing problem and behavioral problems which require therapy at a behavioral clinic. Brian is also aggressive with Kyle and Victoria.
 {¶ 13} Victoria also has familial spastic pararesis requiring daily physical therapy in the home. Victoria also has hearing problems.
 {¶ 14} Through her counseling, appellant has been diagnosed with a dependent personality, placing her need to be with men above her children's needs.
 {¶ 15} After hearing this testimony, the trial court determined permanent custody of each of appellant's children should be granted to FCCS. Accordingly, in three Judgment Entries, each dated December 21, 2001, the trial court terminated appellant's parental rights and granted permanent custody to FCCS. It is from these judgment entries appellant prosecutes this appeal, assigning the following as error:
 {¶ 16} "I. The trial court erred in finding by clear and convincing evidence that the children could not be returned to Patti Llewellyn within a reasonable time, or should not be placed with her.
 {¶ 17} "II. Fairfield County Children Services failed to make reasonable efforts to reunify the family.
 {¶ 18} "III. The failure of the trial court to make proper findings of fact constitutes prejudicial error."
 {¶ 19} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 20} "(E) Determination and judgment on appeal.
 {¶ 21} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 22} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 23} This appeal shall be considered in accordance with the aforementioned rule.
 I. {¶ 24} In appellant's first assignment of error, she maintains the trial court erred in finding by clear and convincing evidence the children could not be returned to her within a reasonable time, or should not be placed with her. We disagree.
 {¶ 25} The grant of permanent custody is governed by R.C.2151.414. The statute states, in relevant part:
 {¶ 26} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 27} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 28} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 29} In each of the December 21, 2001 Judgment Entries the trial court made specific findings pursuant to R.C. 2151.414(B)(1)(a) and (d). Further, the trial court stated it was in the best interest of each child to award permanent custody to FCCS. Appellant has attacked only the trial court's finding relative to R.C. 2151.414(B)(1)(a). Therefore, even assuming arguendo the trial court did err in finding the children could not be placed with appellant within a reasonable time or should not be placed with appellant, the award of permanent custody would still be valid pursuant to R.C. 2151.414(B)(1)(d).
 {¶ 30} Even if we were to address the trial court's conclusion the children could not be returned to their mother's custody within a reasonable time, or should not have been returned, we find the facts as set in the Statement of the Facts and Case, were sufficient to support the trial court's findings pursuant to 2151.414(E)(1) and (14).
 {¶ 31} Appellant's first assignment of error is overruled.
 II. {¶ 32} In appellant's second assignment of error, she contends FCCS failed to make reasonable efforts to reunify the family. We disagree.
 {¶ 33} Appellant's assignment of error is predicated on the FCCS' failure to comply with R.C. 2151.419(A)(1). A review of that code section demonstrates the section applies only to hearings held pursuant to R.C.2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33 or2151.353. Because this motion for permanent custody was filed pursuant to R.C. 2151.413, we find this section inapplicable to the instant matter. We note R.C. 2151.414(E)(1) does require reasonable efforts to be made to reunify the family. However, the trial court found only R.C. 2151.414(E)(4) and (14) to be applicable.
 {¶ 34} We further note appellee created and implemented two case plans (one before the birth of Victoria), and provided a myriad of services to appellant. While appellant did take advantage of the services provided to her, and clearly made significant efforts, we cannot disagree with the trial court appellant failed to remedy the problems originally causing her children to be placed in temporary custody. Notwithstanding her attempts at compliance, appellant continued to exercise poor judgment relative to the individuals she permitted to be around her children.
 {¶ 35} Appellant's second assignment of error is overruled.
 III. {¶ 36} In appellant's third assignment of error, she maintains the findings of fact as prepared by FCCS and adopted by the trial court are insufficient as a matter of law to demonstrate that permanent custody should be granted. We disagree.
 {¶ 37} While we agree with appellant the majority of the findings of fact and conclusions of law are stated in an inappropriate format in that they merely restate what the testimony of the witnesses was as opposed to making a definite finding of fact based upon that testimony, there are portions of the judgment entries which state findings of fact. Specifically, the trial court found within the last forty-nine months, the boys had been in the temporary custody of FCCS for approximately thirty-two months. In the forty-five months of Victoria's life, she had been in the temporary custody of FCCS for twenty months. Even appellee concedes these findings were appropriately set forth. We find these facts alone would be sufficient to support the trial court's awarded of permanent custody.
 {¶ 38} However, there were also statements appellant failed to attend all of the recommended parenting classes, causing her case to be closed due to non-compliance. Further, there was a finding appellant permitted persons who had committed sex crimes and a person who allegedly abused her daughter to care for her children.
 {¶ 39} While we would caution the trial court to avoid this format in the future, we have found sufficient findings of fact interspersed between the recitation of testimony to support the trial court's decision to grant permanent custody.
 {¶ 40} Appellant's third assignment of error is overruled.
 {¶ 41} The December 21, 2001 Judgment Entries of the Fairfield County Court of Common Pleas, Juvenile Division, are affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
topic: permanent custody.